Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (OATA-2025-013)[1]

| | | |
|---|---|---|
| G.L.V.<br><br>Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Recurrida | KLRA202400710 | Revisión Administrativa procedente del Departamento de Educación<br><br>Querella Núm.:<br>2425-22-10-00844<br><br><br>Asunto:<br>Anulación de Acuerdo<br><br>Sobre:<br>Educación Especial |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 14 de marzo de 2025.

Comparece el señor Guillermo López De Jesús (señor López De Jesús o recurrente), en su carácter de padre y representante autorizado del estudiante G.L.V., a fin de solicitar que revoquemos la *Resolución* del Foro Administrativo de Educación Especial, San Juan, emitida el 3 de diciembre de 2024. En dicho dictamen, se desestimó la querella del recurrente por ausencia de jurisdicción. Por los fundamentos que expondremos, confirmamos la *Resolución* recurrida.

---

[1] Debido a que, desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, mediante la OATA-2025-013, se modificó la integración del Panel en el recurso de epígrafe.

Número Identificador

SEN2025 _____

En síntesis, y en lo pertinente a la controversia, el caso de epígrafe trata de una querella administrativa contra el Departamento de Educación. Según el expediente, el 26 de agosto de 2024, el señor López De Jesús presentó la Querella Núm. 2425-22-08-00333 bajo la *Individuals with Disabilities Education Act* (IDEA), 20 USC sec. 1400 *et seq.* y alegó que (1) el Departamento de Educación no ha cumplido con la provisión de servicios de terapia Análisis Conductal Aplicado (ABA, por sus siglas en inglés) según acordado en una reunión del Comité de Programa Educativo Individualizado (COMPU) celebrado el 26 de marzo de 2024; (2) la solicitud de desistimiento del Departamento de Educación, que cerró un caso anterior, no consideró que el periodo experimental acordado de diez (10) semanas para determinar la idoneidad del entorno dos a uno (2:1), fue interrumpido debido a la suspensión de los servicios de terapia ABA; y (3) los contantes problemas administrativos citados por la escuela como razón para la suspensión de la terapia ABA representan una violación del derecho de G.L.V. a una Educación Pública y Gratuita Apropiada (FAPE, por sus siglas en inglés) bajo IDEA. Por tanto, el señor López De Jesús solicitó (1) la reinstauración inmediata de los servicios de terapia ABA; (2) la implementación de un plan de educación compensatoria que incluya sesiones adicionales de terapia ABA; (3) una revisión exhaustiva y una reforma de los procesos administrativos dentro del Departamento de Educación para asegurar que las interrupciones en los servicios esenciales no ocurran en el futuro; (4) de no resolverse el problema de manera inmediata, que se considere el retorno del menor a su última ubicación educativa conocida, el entorno

uno a uno (1:1); y (5) cualquier otro alivio que se considere necesario o adecuado.

A esos efectos, el 6 de septiembre de 2024, se celebró una reunión de mediación en la cual las partes acordaron que, en lo pertinente, (1) el menor comenzará a recibir terapias de ABA a partir del 3 de septiembre de 2024; (2) los asuntos de servicios compensatorios de terapias ABA y la ubicación de G.L.V. serán atendidas en una reunión del COMPU debidamente constituido; (3) las partes celebrarán una reunión del COMPU el 12 de septiembre de 2024; y (4) el Departamento de Educación enviará la SAEE-06 o la *Invitación para Reunión con el COMPU* de la Secretaría Asociada de Educación Especial (SAEE) al señor López De Jesús y a la mediadora. Para instituir la obligatoriedad del llamado *Acuerdos Totales en Reunión de Mediación*, todas las partes firmaron voluntariamente.

A pesar de lo anterior, el señor López De Jesús solicitó la anulación del acuerdo mediante tres solicitudes de anulación en los días 7, 9 y 11 de septiembre de 2024. En dichas solicitudes, el señor López De Jesús explicó que (1) el acuerdo en su forma actual le impedirían instar futuras acciones legales; (2) él tiene derecho a garantizar que cualquier acuerdo que afecte la educación de su hijo cumpla plenamente con las disposiciones de la Ley IDEA y el Code of Federal Regulations (CFR); (3) las partes involucradas en un acuerdo de mediación tienen derecho de cancelar dicho acuerdo dentro de un plazo de tres (3) días laborables, al amparo del Art. 8 del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y Sobre la Otorgación de Honorarios de Abogados, Reglamento Núm. 9168 del 26 de febrero de 2020; y (4) las reuniones

del Programa Educativo Individualizado (PEI) no pueden llevarse a cabo sin que los padres tengan la información y los recursos necesarios para participar plenamente y tomar decisiones informadas, según dispone 34 CFR sec. 300.322, 20 USC sec. 1415(f)(3)(E) y el caso *Amanda J. ex rel. v. Clark County School Dist.*, 267 F.3d 877 (9.º Cir. 2001). En respuesta a estas solicitudes, la mediadora Anaís M. Pérez Fernández del Departamento de Educación indicó que el Reglamento Núm. 9168 y la Ley IDEA no establecen a las partes derecho alguno para anular un acuerdo de mediación, aunque sí en el mecanismo de conciliación.

A consecuencia de lo acontecido, el 21 de octubre de 2024, el señor López De Jesús presentó la Querella Núm. 2425-22-10-00844 contra el Departamento de Educación por el alegado rechazo impropio de la solicitud de anulación del acuerdo de mediación, sin adentrarse a cualquier problema sustantivo discutido durante dicha mediación. Luego de la agencia contestar y solicitar desestimación por falta de jurisdicción, entre otros trámites procesales, el foro administrativo resolvió que no tiene jurisdicción para otorgar el remedio presentado en la Querella Núm. 2425-22-10-00844, ya que las leyes federales, estatales y el Reglamento Núm. 9168 solamente permiten que en el foro administrativo se diluciden controversias sustantivas sobre la identificación, evaluación o provisión de una educación pública, gratuita y apropiada a los menores de edad. Además, dicho foro entendió que el mejor interés del menor es celebrar una reunión del COMPU y no la anulación del acuerdo en cuestión.

Insatisfecho, el señor López recurre ante este Tribunal y alega que el foro administrativo erró al (1) desestimar la Querella Núm. 2425-

22-10-00844 en incumplimiento con los Artículos 8.4(e) y 9.3(iii) del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogado, *supra*, págs. 16, 20-21. y la Ley IDEA; y (2) cambiar su postura inicial sobre la jurisdicción tras una llamada telefónica realizada por la representante del Departamento de Educación, incurriendo en arbitrariedad, contradiciendo en su interpretación previa y violando los principios de transparencia, imparcialidad y debido proceso de ley.

En oposición, el recurrido argumenta que (1) los tribunales apelativos están llamados a otorgar amplia deferencia a las decisiones de las agencias administrativas; (2) IDEA, el Reglamento Núm. 9168 y el Manual de Procedimientos de Educación Especial, Departamento de Educación, 2020, no contemplan la anulación de lo acordado a través de un proceso de mediación; (3) el referido Reglamento Núm. 9168 establece la manera de poner fin a una querella, lo cual ocurrió en el caso de autos; (4) la llamada interna a la SAEE durante la vista administrativa se hizo con la intención de aclarar cualquier duda sobre los hechos y el derecho aplicable, y que la querella anterior se tramitó a través de una mediación voluntaria; (5) la responsabilidad de diseñar y redactar el PEI de cada estudiante recae exclusivamente sobre la COMPU; y (6) nada en el ordenamiento le concede al juez administrativo la facultad de intervenir con acuerdos válidamente alcanzados mediante una reunión de mediación.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante

recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas, ordinariamente a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Ahora bien, los procedimientos y decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978 (2009).

De conformidad con lo anterior, el Reglamento Núm. 9168 aclara que dicho reglamento se aplicará a los procedimientos que se seguirán en la tramitación y adjudicación de querellas administrativas

de Educación Especial, particularmente cuando estén relacionados a la localización, identificación, registro, elegibilidad, evaluación, ubicación, servicios educativos, relacionados, de apoyo y la provisión de una educación pública, gratuita y apropiada. Art. 3 del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogado, *supra*, págs. 1-2. Véase, también, 34 CFR secs. 300.503, 300.507. Igualmente, se podrá aplicar a procedimientos de querellas referentes a los servicios educativos, relacionados o de apoyo prestados directamente por el Departamento de Educación, por otras agencias o entidades privadas bajo contratación para la prestación de dichos servicios. Art. 3 del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogado, *supra*.

Más aun, las referidas querellas administrativas contra el Departamento de Educación solamente procederán ante el foro administrativo del Programa de Educación Especial cuando se entienda que la agencia no haya cumplido o que no esté conforme con cualquier acción, inacción, elegibilidad, evaluación, ubicación, prestación de servicios educativos, relacionados, de apoyo o la provisión de una educación pública, gratuita y apropiada, al igual que cuando se alegue la violación a la Ley IDEA que hayan ocurrido con no más de dos (2) años previos a la fecha en que notifica al Departamento de Educación sobre el mismo o cuando los padres no están de acuerdo con la aplicación de medidas disciplinarias conforme a lo dispuesto en el Manual de Procedimientos de Educación Especial. Íd., Art. 6 (pág. 3); Manual, *supra*, pág. 244. Véase, también, 34 CFR sec. 300.507. Dicho

mecanismo de querella no estará disponible cuando se alegue que el maestro del menor no es altamente cualificado o cuando la controversia es sobre la provisión de servicios a estudiantes ubicados por sus padres en escuelas privadas. Manual, *supra*, pág. 244.

A esos efectos, la mediación es un mecanismo voluntario que los padres o el Departamento de Educación pueden utilizar para propiciar la solución de las controversias entre las partes. 20 USC sec. 1415; 34 CFR sec. 300.506; Art. 8 del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogado, *supra*. Claro, por tal reunión ser voluntaria, cualquiera de las partes puede dar por terminado el proceso y solicitar que la querella sea referida a un juez administrativo. Art. 8 del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogado, *supra*; Manual, *supra*, pág. 251.

Así las cosas, de las partes firmar un acuerdo que pone fin a todas las controversias, el mediador deberá remitir inmediatamente los documentos a través del Sistema de Procedimiento Administrativo de Educación Especial (SiPAEE) a la Unidad Secretarial. 20 USC sec. 1415; 34 CFR sec. 300.506; Art. 8 del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogado, *supra*. En lo contrario, si de la reunión de mediación se formalizaron acuerdos parciales, el mediador remitirá dichos acuerdos a la Unidad Secretarial para referir inmediatamente la querella a un juez administrativo, quien deberá adjudicar sobre las controversias a través de una vista

administrativa. Art. 8(4)(f) del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogado, *supra*.

Por último, debemos recordar que nuestro ordenamiento jurídico sigue el axioma de que el nombre no hace la cosa. *OCS v. CODEPOLA,* 202 DPR 842 (2019); *Meléndez Ortiz v. Valdejully,* 120 DPR 1 (1987) (citando a *Comisión de Servicio Público v. Tribunal Superior,* 78 DPR 239 (1955)).

En el presente caso, no advertimos que el Foro Administrativo de Educación Especial haya errado al desestimar la Querella Núm. 2425-22-10-00844 del señor López De Jesús por falta de jurisdicción. Del expediente se desprende que la controversia gira en torno a un acuerdo formalizado en una reunión de mediación y en la cual se discutieron sobre temas tal como las terapias, los servicios compensatorios y la ubicación del menor G.L.V. A pesar de los temas recogidos en dicho acuerdo, la controversia ante nos—y ante el foro administrativo—se enfoca en la anulabilidad o no anulabilidad del acuerdo. Por tanto, ante una controversia que el Reglamento Núm. 9168 no considera como una querella válida, el Foro Administrativo de Educación Especial tuvo razón al determinar que no tiene jurisdicción sobre la controversia.

No obstante, lo anterior, el documento *Acuerdos Totales en Reunión de Mediación*, a pesar de su título, es en realidad un acuerdo parcial, ya que dicho documento dispuso que los asuntos de servicios compensatorios de terapias ABA y la ubicación de G.L.V. serán atendidos en una reunión posterior del COMPU debidamente constituido. Asimismo, el Reglamento Núm. 9168 explica que los

acuerdos parciales deben remitirse al juez administrador para su adjudicación mediante una vista administrativa. A esos efectos, la Querella Núm. 2425-22-08-00333, sujeto al acuerdo en controversia, deberá ser remitida para seguir su curso mediante la celebración de una vista administrativa.

Por los fundamentos expresados, se confirma la *Resolución* recurrida en cuanto desestima la Querella Núm. 2425-22-10-00844 por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones